**State of Vermont**
**Superior Court — Environmental Division**

=====================================================================
# ENTRY REGARDING MOTION
=====================================================================

**In re Chaves Londonderry Gravel Pit, LLC and David Chaves**          **Docket No. 60-4-11 Vtec**
**(Appeal of Act 250 District 2 Environmental Commission Decision)**

Title: Motion to Dismiss Cross Appellant Nancy Kemper's Questions 5, 6, and 7 (Filing No. 2)

Filed: August 15, 2011

Filed By: C. Daniel Hershenson, Attorney for Appellants Chaves Londonderry Gravel Pit, LLC
and David Chaves

Response in opposition filed on 9/9/11 by Cross-Appellant Nancy Kemper

___ Granted                    _X_ Denied                    ___ Other

Chaves Londonderry Gravel Pit, LLC and David Chaves ("Appellants") appeal certain findings contained in the District 2 Environmental Commission's ("the District Commission") March 4, 2011 Findings of Fact and Conclusions of Law and Order concerning an Act 250 permit they obtained for the operation of a pre-existing quarry in the Town of Londonderry, Vermont. They also appeal the District Commission's April 11, 2011 Memorandum of Decision on Motion to Alter. Nancy Kemper ("Cross-Appellant") cross-appeals, as does Thomas Ettinger.[1]

In support of her cross-appeal, Cross-Appellant filed a statement of questions containing seven questions. Appellants have now filed a motion to dismiss Questions 5, 6, and 7, contending that those Questions address Act 250 Criterion 9(E),[2] a criterion on which Cross-Appellant was not granted party status. Appellants assert that because Cross-Appellant did not secure party status under criterion 9(E), she should not be allowed to assert these Questions in this appeal. For the reasons stated below, we deny Appellants' motion to dismiss.

Appellants correctly state that a party must have party status under a specific criterion in order to appeal a district commission's conclusions on that criterion. See 10 V.S.A. § 8504(d) (establishing the requirements to appeal a district commission's decision, which include the granting of party status). Here, the District Commission did not grant Cross-Appellant party status on Criterion 9(E), and Cross-Appellant has not asked this Court to apply any of the exceptions to the party status requirement listed in 10 V.S.A. § 8504(d)(2). Thus, if Cross-Appellant's Questions 5-7 were limited to Criterion 9(E), this Court would be required to dismiss them.

We need not dismiss these Questions, however, because nowhere in Questions 5-7 does Cross-Appellant specifically mention Criterion 9(E). In fact, Cross-Appellant argues that those Questions are intended to address Criterion 8, a criterion on which she was granted party status

---

[1]  See the Entry Order also issued today addressing the Motion to Dismiss Thomas Ettinger.

[2]  Codified in 10 V.S.A. § 6086(a)(9)(E).

by the District Commission.  Accordingly, we **DENY** Appellants' Motion to Dismiss Questions 5-7 of Cross-Appellant's Statement of Questions.

So as to reduce any confusion that our determination today may cause, we note that Cross-Appellant is specifically restricted from presenting evidence or arguments at trial that are premised upon Criterion 9(E); her presentations on Questions 5-7 must be restricted to the legal analysis allowed under Criterion 8.


_____          ____November 23, 2011____
　　　　Thomas S. Durkin, Judge                                                    Date
========================================================================
Date copies sent to: _____                              Clerk's Initials _____

Copies sent to:

  C. Daniel Hershenson, Attorney for Appellants Chaves Londonderry Gravel Pit and David Chaves

  David Grayck, Attorney for Cross-Appellants Riverside Farm and Thomas Ettinger

  Hans Huessy, Attorney for Interested Persons Kraig Hart and Doreena Hart

  Cross-Appellant Nancy Kemper

  Interested Person Angelique Jarvis

  Interested Person David A. Jarvis

  Interested Person David M. Rathburn

  For Informational Purposes Only Natural Resources Board

  For Informational Purposes Only Agency of Natural Resources